## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

EDGAR A. DAMAS ESTACO,                    Case No. _____

     Plaintiff,

     v.

UNITED STATES DEPARTMENT OF THE
TREASURY;
INTERNAL REVENUE SERVICE,

     Defendants.

_____/

```
FILED BY ____ D.C.

JUN 0 8 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND EQUITABLE RELIEF

Freedom of Information Act, 5 U.S.C. § 552; Administrative Procedure Act, 5 U.S.C. §§ 702,

### 706)I. INTRODUCTION

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706.

2. Plaintiff seeks judicial relief arising from Defendants' unlawful withholding of agency

records, failure to conduct an adequate search, failure to maintain and produce the complete

administrative record relating to Plaintiff's whistleblower submissions, and unlawful agency

action connected to the resulting whistleblower determinations.

3. Plaintiff submitted whistleblower information to the Internal Revenue Service ("IRS")

pursuant to 26 U.S.C. § 7623 concerning alleged violations of internal revenue laws.

4. The IRS later issued determinations denying Plaintiff's whistleblower claims on the basis that

Plaintiff's information allegedly did not result in collected proceeds. See Exhibit A-1.

5. Plaintiff thereafter submitted a FOIA request seeking the complete administrative record underlying the whistleblower determinations, including but not limited to Form 11369, evaluation materials, communications, and all documents directly or indirectly considered during the decision-making process. See Exhibit B.

6. Plaintiff specifically requested the "whole administrative record," including records required to be maintained pursuant to 26 C.F.R. § 301.7623-3(e). See Exhibit B.

7. Defendants failed to produce central administrative record materials required to exist under applicable regulations and agency procedures, including Form 11369 and related evaluation materials.

8. Defendants further withheld responsive records under FOIA Exemption (b)(3), 5 U.S.C. § 552(b)(3), citing 26 U.S.C. § 6103, without adequately demonstrating that all withheld materials were exempt from disclosure. See Exhibit C.

9. Plaintiff timely filed an administrative FOIA appeal challenging the withholding, the adequacy of the search, the failure to produce the complete administrative record, and the failure to provide an adequate Vaughn index. See Exhibit D.

10. Plaintiff has proof that the administrative appeal was delivered on May 1, 2026, while the IRS Independent Office of Appeals later stated that it received the appeal on May 4, 2026. See Exhibits E and G.

11. Despite acknowledging Plaintiff's administrative appeal, Defendants failed to issue a final appeal determination within the time required by FOIA. See Exhibit E.

12. Plaintiff acknowledges that the underlying whistleblower determinations were issued in or about August 2022. This action is not brought as a direct appeal of those determinations under 26

U.S.C. § 7623(b)(4), but as a separate FOIA and APA action based upon Defendants' later withholding of records, failure to produce the complete administrative record, inadequate search, failure to issue a timely appeal determination, and related procedural violations.

13. Plaintiff does not seek a judicial determination awarding whistleblower proceeds in this action.

14. Rather, Plaintiff seeks production of unlawfully withheld records, production of the complete administrative record, declaratory relief regarding Defendants' unlawful procedures and withholding, vacatur of the procedurally defective whistleblower determinations, and remand to the IRS for lawful reconsideration based upon a complete administrative record and compliance with applicable statutes and regulations.

## II. JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 702, and 28 U.S.C. § 1331.

16. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides within this District and a substantial part of the events giving rise to the claims occurred within this District.

17. Sovereign immunity is waived pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 702.

## III. PARTIES

18. Plaintiff Edgar A. Damas Estaco is an individual residing in Miami-Dade County, Florida.

19. Defendant United States Department of the Treasury is a department of the United States government.

20. Defendant Internal Revenue Service is an agency of the United States Department of the Treasury.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Whistleblower Submissions

21. Plaintiff submitted whistleblower information to the IRS pursuant to 26 U.S.C. § 7623 concerning alleged violations of federal tax laws.

22. The IRS assigned whistleblower claim numbers including, but not limited to, 2022-010073, 2022-010074, 2022-010075, 2022-003328, 2022-003329, 2022-003330, and 2022-003331. See Exhibit A-2.

23. On or about August 18, 2022, the IRS issued determinations stating that Plaintiff's information allegedly "did not result in the collection of any proceeds" and denying Plaintiff's claims for awards. See Exhibit A-1.

### B. Timing of Plaintiff's FOIA Request and Independent FOIA Dispute

24. Plaintiff acknowledges that the underlying whistleblower determinations were issued in or about August 2022. See Exhibit A-1.

25. Plaintiff did not file this action as a direct appeal of the August 2022 whistleblower determinations under 26 U.S.C. § 7623(b)(4).

26. Plaintiff later submitted a FOIA request in or about November 2025 seeking the complete administrative record and related materials underlying the whistleblower determinations. See Exhibit B.

27. The November 2025 FOIA request created a separate and independent records dispute under FOIA.

28. Defendants' obligations under FOIA were triggered by Plaintiff's FOIA request and included the duty to conduct an adequate search, produce non-exempt responsive records, release reasonably segregable material, and adequately justify any withholding.

29. Defendants' March 13, 2026 FOIA response, partial denial, withholding of records, and subsequent failure to issue a timely final appeal determination form the immediate basis for Plaintiff's FOIA claims in this action. See Exhibits B, C, D, E, and G.

30. Plaintiff does not contend that the filing of a FOIA request, by itself, reopens or extends the statutory time to seek direct Tax Court review of a whistleblower award determination.

31. Rather, Plaintiff contends that Defendants' subsequent FOIA response, withholding of the complete administrative record, failure to produce Form 11369 and related evaluation materials, inadequate search, failure to provide a Vaughn index, and failure to issue a timely appeal determination constitute independent violations of FOIA and the APA.

## C. IRS Response and Withholding

32. On or about March 13, 2026, the IRS issued a FOIA response. See Exhibit C.

33. The IRS stated that it had located approximately 1,364 pages of responsive records and released certain materials without exemptions as to portions of the request. See Exhibit C.

34. Defendants relied upon 26 U.S.C. § 6103(a) as a basis for withholding records, but Plaintiff's request concerns the administrative record underlying whistleblower determinations issued pursuant to 26 U.S.C. § 7623.

35. Because Defendants issued final whistleblower determinations under 26 U.S.C. § 7623, Plaintiff contends that Defendants may not rely on a blanket invocation of § 6103(a) to withhold the entire administrative record without addressing applicable disclosure provisions, including 26 U.S.C. § 6103(h)(4), segregability, and the requirement to justify each withholding with

particularity.

36. Defendants failed to provide a Vaughn index, privilege log, or document-by-document explanation sufficient to permit Plaintiff or this Court to evaluate whether the withheld materials were properly withheld under § 6103, FOIA Exemption (b)(3), FOIA Exemption (b)(5), the deliberative-process privilege, the attorney-client privilege, or any other claimed exemption.

37. However, the IRS denied other portions of the request under FOIA Exemption (b)(3), citing 26 U.S.C. § 6103. See Exhibit C.

38. Defendants relied upon 26 U.S.C. § 6103(a) as a basis for withholding records, but Plaintiff's request concerns the administrative record underlying whistleblower determinations issued pursuant to 26 U.S.C. § 7623.

39. Because Defendants issued final whistleblower determinations under 26 U.S.C. § 7623, Plaintiff contends that Defendants may not rely on a blanket invocation of § 6103(a) to withhold the entire administrative record without addressing applicable disclosure provisions, including 26 U.S.C. § 6103(h)(4), segregability, and the requirement to justify each withholding with particularity.

40. Defendants failed to provide a Vaughn index, privilege log, or document-by-document explanation sufficient to permit Plaintiff or this Court to evaluate whether the withheld materials were properly withheld under § 6103, FOIA Exemption (b)(3), FOIA Exemption (b)(5), the deliberative-process privilege, the attorney-client privilege, or any other claimed exemption.

41. The IRS failed to provide a Vaughn index identifying withheld documents and the basis for each withholding.

42. The IRS failed to demonstrate, on a document-by-document basis, that all withheld materials were exempt from disclosure.

43. The IRS failed to disclose reasonably segregable non-exempt material.

**D. Apparent Overlap Between Whistleblower Determination Personnel and FOIA Withholding Decision.**

44. Plaintiff's records indicate that Tresa Williams, or "T. William", appears on both Whistleblower-related correspondence and the FOIA response at issue in this case. See Exhibit A-2 and Exhibit C.

45. Specially, the August 18, 2022 Whistleblower determination denying certain of Plaintiff's claims was signed "/s/ Tresa Williams for Whistleblower Office." See Exhibit A-1.

46. A separate January 13, 2022 whistleblower -office correspondence concerning Plaintiff's whistleblower claim numbers associated with same Tax Payer was also signed '/s/ Tresa Williams for whistleblower office". See Exhibit A-2.

47. The March 13, 2026 FOIA response denying portions of Plaintiff's request and invoking FOIA Exemption (b)(3) and 26 U.S.C. § 6103 was signed by "T.Williams", identified as Acting Disclosure Office 13. See Exhibit C.

48. This apparent overlap between personnel associated with the underlying whistleblower correspondence and personnel associated with the FOIA withholding decision raises a reasonable concern **regarding objectivity, neutrality, and whether the withholding determination was based solely upon lawful FOIA exceptions.**

49. Plaintiff does not allege at this stage that the overlap conclusively establishes bad faith. However, the apparent overlap supports Plaintiff's request for meaningful judicial review, an adequate Vaughn index, production of reasonably segregable non-exempt material, and review of whether Defendant's withholding was lawful, pretextual, or procedurally defective.

50. The apparent overlap further supports Plaintiff's position that the complete administrative record, including form 11369, evaluative materials, E-trak claim history, routing records, decisional documents , and related communications, is necessary to determine whether the agency complied with applicable statutes, regulations, and required procedures.

**E. Failure to Produce Complete Administrative Record**

51. IRS regulations require the maintenance of records relating to whistleblower determinations, including records required under 26 C.F.R. § 301.7623-3(e).

52. Form 11369 and related evaluation materials are central components of the whistleblower review process.

53. Despite Plaintiff's request for the complete administrative record, Defendants failed to produce central administrative record materials, including Form 11369, related evaluation records, E-TRAK claim history , exhibits, decisional documents, and other materials required or relied upon in connection with the whistleblower determinations.

54. The failure to produce such materials demonstrates either failure to maintain the required administrative record, failure to conduct an adequate search, or improper withholding of responsive records.

55. The missing records are directly relevant to determining whether the agency complied with statutory and regulatory procedures governing whistleblower determinations.

56. Without access to the complete administrative record, Plaintiff was deprived of meaningful ability to evaluate the factual and procedural basis of the determinations.

**E. Administrative Appeal and Additional Exhaustion Efforts**

57. On or about May 1, 2026, Plaintiff timely filed an administrative FOIA appeal challenging the adequacy of Defendants' search, withholding of responsive records, failure to provide segregable material, failure to provide a Vaughn index, and failure to produce the complete administrative record relating to Plaintiff's whistleblower determinations. See Exhibit D.

58. USPS tracking confirms that Plaintiff's FOIA administrative appeal was delivered on May 1, 2026. See Exhibit F.

59. The IRS Independent Office of Appeals later issued correspondence stating that Plaintiff's FOIA administrative appeal was received on May 4, 2026. See Exhibit G.

60. The Independent Office of Appeals acknowledged Plaintiff's FOIA appeal and advised that it was required to complete consideration of the appeal within the applicable FOIA timeframe. It further advised that Plaintiff could seek judicial review in the United States District Court if Appeals could not complete the case within the required time. See Exhibit G.

61. Despite acknowledging Plaintiff's FOIA appeal, Defendants failed to issue a final appeal determination within the time required by FOIA.

62. Defendants' failure to issue a timely determination on Plaintiff's administrative appeal constitutes exhaustion of administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

63. Plaintiff also sought assistance from the Taxpayer Advocate Service concerning the agency's failure to provide Form 11369 and related administrative record materials.

64. The Taxpayer Advocate Service correspondence stated that TAS operates independently of other IRS offices, but declined to assist Plaintiff and referred the matter back to the IRS. See Exhibit H.

65. Plaintiff's additional efforts through the Taxpayer Advocate Service further demonstrate that Plaintiff attempted to resolve the matter within the IRS before seeking judicial relief.

66. Defendants failed to cure the deficiencies identified in Plaintiff's appeal and continue to withhold or fail to produce central administrative record materials necessary for meaningful review.

## V. CLAIMS ARE NOT BARRED BY IRC § 7623(b)(4)

67. Plaintiff anticipates that Defendants may argue that exclusive jurisdiction over whistleblower determinations lies in the United States Tax Court pursuant to 26 U.S.C. § 7623(b)(4).

68. Plaintiff acknowledges that the IRS issued the underlying whistleblower determinations in or about August 2022.

69. Plaintiff further acknowledges that this action is not brought as a direct Tax Court petition under 26 U.S.C. § 7623(b)(4).

70. Plaintiff does not ask this Court to revive an expired Tax Court deadline, determine award entitlement, calculate collected proceeds, or award whistleblower proceeds.

71. Plaintiff does not seek an award determination, calculation of proceeds, or direct review of the substantive merits of the whistleblower denials in this action.

72. Plaintiff does not request that this Court determine entitlement to a whistleblower award, substitute its judgment for that of the IRS regarding the underlying whistleblower claims, or conduct merits review reserved to the United States Tax Court.

73. Rather, Plaintiff challenges the legality of Defendants' administrative procedures, record keeping obligations, disclosure obligations, FOIA compliance, withholding practices, and failure

to maintain and produce the complete administrative record required by law and agency regulation.

74. Plaintiff further challenges the procedural validity of the resulting determinations where Defendants failed to maintain required administrative record materials, failed to conduct a search reasonably calculated to uncover responsive records, failed to produce central administrative record materials including Form 11369 and related evaluation records, failed to disclose reasonably segregable non-exempt material, failed to provide an adequate Vaughn index, and issued final determinations while withholding or failing to produce materials necessary for meaningful administrative and judicial review.

75. The timing of Plaintiff's later FOIA request does not eliminate Defendants' independent obligations under FOIA to conduct an adequate search, produce non-exempt responsive records, disclose reasonably segregable material, and justify any withholding.

76. The claims in this action arise from Defendants' later FOIA response, withholding decisions, failure to produce the complete administrative record, failure to issue a timely appeal determination, and related procedural violations.

77. Accordingly, this action is not an untimely direct appeal of the August 2022 whistleblower determinations, but a separate FOIA and APA action challenging unlawful withholding, record keeping failures, and procedurally defective agency action.

78. Plaintiff's claims arise independently under FOIA and the APA and are not claims for monetary relief under 26 U.S.C. § 7623.

79. Plaintiff seeks only declaratory, injunctive, and equitable relief arising from Defendants' unlawful procedures and withholding of records.

80. Plaintiff further seeks vacatur of the procedurally defective whistleblower determinations and remand for lawful reconsideration based upon a complete administrative record compiled and maintained in accordance with applicable statutes, Treasury regulations, and agency procedures.

81. FOIA alone does not provide an adequate remedy for vacatur and remand of procedurally defective agency action.

82. Defendants' failure to maintain and produce the complete administrative record deprived Plaintiff of meaningful opportunity to evaluate the factual and procedural basis of the determinations and materially impaired Plaintiff's ability to exercise review rights in an informed and meaningful manner.

83. Accordingly, APA review is not precluded because Plaintiff challenges unlawful agency procedures and record keeping failures independent of any direct claim for whistleblower proceeds or award entitlement.

## VI. COUNT I – FOIA

### 5 U.S.C. § 552

84. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

85. Defendants improperly withheld agency records responsive to Plaintiff's FOIA request.

86. Defendants improperly invoked FOIA Exemption (b)(3), 5 U.S.C. § 552(b)(3), and 26 U.S.C. § 6103, without adequately justifying the withholding of the complete administrative record.

87. Defendants' reliance upon 26 U.S.C. § 6103(a) was improper, or at minimum inadequately justified, because Defendants failed to address whether disclosure was authorized in connection with Plaintiff's whistleblower determination proceedings under 26 U.S.C. § 7623 and the

disclosure provisions applicable to judicial or administrative tax proceedings, including 26 U.S.C. § 6103(h)(4). See Whistleblower 972-17W v. Commissioner, 159 T.C. 1 (2022).

88. Section 6103(a) establishes the general confidentiality rule for returns and return information, but § 6103(h)(4) permits disclosure of returns or return information in certain judicial or administrative proceedings pertaining to tax administration. Defendants failed to explain why § 6103(h)(4), applicable whistleblower-case authority, segregability principles, or protective redactions could not permit production of the complete administrative record, including Form 11369 and final decisional materials.

89. Defendants may not rely upon a blanket invocation of § 6103(a) to withhold the entire administrative record without providing a document-by-document explanation, addressing applicable statutory exceptions, and demonstrating why non-exempt or segregable portions could not be released.

90. Defendants also may not rely upon the deliberative-process privilege to withhold final agency opinions, final decisional documents, final disposition materials, or records reflecting the basis for an already-issued final determination. Plaintiff seeks the administrative record underlying final whistleblower determinations, including final decision-making materials, decisional documents, Form 11369, routing records, evaluation materials, E-Trak records, and records identifying the basis for the final agency action.

91. To the extent Defendants rely upon attorney-client privilege, attorney work-product protection, deliberative-process privilege, or any other FOIA Exemption (b)(5) privilege, Defendants bear the burden of justifying the withholding.

92. Defendants failed to provide a Vaughn index or privilege log identifying the specific documents withheld, the exemption asserted, the author, recipient, date, nature of the document, and the factual basis for each claimed exemption or privilege.

93. Defendants' apparent overlap between personnel connected to the underlying whistleblower-office correspondence and the FOIA withholding decision further supports Plaintiff's request for a Vaughn index, segregability review, and judicial review of the adequacy and good faith of Defendants' search and withholding determinations.

94. Defendants failed to disclose reasonably segregable non-exempt material.

95. Defendants failed to conduct a search reasonably calculated to uncover all responsive records.

96. Defendant's production of Plaintiff's own submission, while failing to produce the agency-generated administrative record requested, further demonstrates that Defendant's failed to conduct an adequate search and failed to produce the records actually requested.

97. Although Defendants represented that they located and released approximately 1,364 pages of responsive records, the materials produced consisted largely, if not entirely, of Plaintiff's own Form 211 submissions and supporting documentation previously submitted by Plaintiff to the IRS.

98. Production of Plaintiff's own submissions does not satisfy Plaintiff's request for the complete agency administrative record underlying the whistleblower determinations.

99. Defendants failed to produce the agency-generated record materials Plaintiff specifically requested, including Form 11369, E-Trak records, routing records, evaluation memoranda, decisional documents, internal findings, conclusions, recommendations, rationale, and materials before or available to the decision-maker at the time the determinations were made.

100. Defendants' production of Plaintiff's own submissions, while failing to produce the agency-generated administrative record requested, further demonstrates that Defendants failed to conduct an adequate search and failed to produce the records actually requested.

101. Defendants' failure to provide a document-by-document explanation prevents meaningful

judicial review and requires production of a Vaughn index, segregability review, and disclosure of all non-exempt portions of responsive records.

102. Defendants violated FOIA.

## VII. COUNT II – APA

### (5 U.S.C. §§ 702, 706)

103. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

104. The whistleblower determinations constitute final agency action under 5 U.S.C. § 704.

105. Defendants failed to comply with mandatory procedures and regulations governing whistleblower determinations and administrative records.

106. Defendants failed to maintain, compile, disclose, or rely upon a complete administrative record.

107. Defendant's reliance on Plaintiff's own submission , while failing to produce the agency-generated administrative record underlying the final determinations, deprived Plaintiff of meaningful review and prevented Plaintiff from evaluating whether the agency complied with the procedures required by law.

108. Defendants' failure to produce the complete administrative record deprived Plaintiff of meaningful opportunity to evaluate and challenge the determinations.

109. Defendants' actions were arbitrary, capricious, contrary to law, and without observance of procedures required by law under 5 U.S.C. § 706(2)(A) and (D).

110. The whistleblower determinations cannot lawfully stand where the agency failed to comply with mandatory procedural and record keeping requirements.

111. Vacatur and remand are necessary to ensure lawful reconsideration based upon a complete administrative record.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated FOIA;

B. Order Defendants to conduct an adequate search for all responsive records;

C. Order Defendants to produce all non-exempt and reasonably segregable records;

D. Order Defendants to produce the complete administrative record relating to Plaintiff's whistleblower claims;

E. Order Defendants to provide a Vaughn index describing withheld records and the basis for each withholding;

F. Declare that Defendants failed to comply with applicable statutes, regulations, and procedural requirements governing whistleblower determinations;

G. Vacate and set aside the whistleblower determinations as procedurally defective, arbitrary, capricious, and contrary to law;

H. Remand the matter to the IRS for lawful reconsideration based upon the complete administrative record and compliance with applicable law and regulations;

I. Award Plaintiff recoverable costs and such other relief as permitted by law;

J. Acknowledge Plaintiff's express disclaimer that Plaintiff does not request judicial calculation, determination, or award of whistleblower proceeds in this action, and seeks only procedural, declaratory, injunctive, and equitable relief arising from Defendants' unlawful withholding of records, failure to maintain and produce the complete administrative record,

inadequate search procedures, violations of FOIA and the APA, and procedurally defective agency action; and

K. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 6/8/2026

By: _____

EDGAR A. DAMAS ESTACO, Pro Se
11870 SW 168 TER
Miami, FL 33177
edgardamas@gmail.com
305-282-1452

Exhibit

A-1



**WHISTLEBLOWER OFFICE**

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

August 18, 2022

EDGAR A DAMAS ESTACO
11870 SW 168 TER
MIAMI, FL 33177-2171

Re: Claim Number(s): 2022-010073, 2022-010074, 2022-010075

**Final Determination Under Internal Revenue Code (IRC) Section 7623(a) – Denial**

Dear Edgar A damas Estaco:

We have considered your application for an award dated 02/21/2022. Under Internal Revenue Code section 7623, an award may be paid only if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts based on the information provided. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions regarding this letter, please feel free to contact the Whistleblower Office at 801-620-2169.

Sincerely,

/s/ Tresa Williams for

Whistleblower Office

Exhibit

A-2



WHISTLEBLOWER OFFICE

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

August 18, 2022

EDGAR A DAMAS ESTACO
11870 SW 168 TER
MIAMI, FL 33177-2171

Re: Claim Number(s): 2022-010073, 2022-010074, 2022-010075

**Final Determination Under Internal Revenue Code (IRC) Section 7623(a) – Denial**

Dear Edgar A damas Estaco:

We have considered your application for an award dated 02/21/2022. Under Internal Revenue Code section 7623, an award may be paid only if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts based on the information provided. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions regarding this letter, please feel free to contact the Whistleblower Office at 801-620-2169.

Sincerely,

/s/ Tresa Williams for

Whistleblower Office



WHISTLEBLOWER OFFICE

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

January 26, 2022

EDGAR A DAMAS-ESTACO
11870 SW 168 TER
MIAMI, FL 33177

Claim Number(s): 2022-003328, 2022-003329, 2022-003330, 2022-003331

Dear Edgar A Damas-Estaco:

We received your correspondence dated December 16, 2021. We are unable to give you any specific information due to (Section 6103 of the Internal Revenue Code) Federal Disclosure and privacy laws that protect tax information for all taxpayers.

If you move or change the address to which you want correspondence directed, you must inform this office in writing of the change of address. Failure to notify this office of a change of address regarding this claim could result in you not receiving time-sensitive correspondence.

Additional information about the whistleblower claim process can be found in Publication 5251. *The Whistleblower Claim Process.* Publication 5251 can be found online at IRS.gov.

If you have further questions about your claim, please call or write the Whistleblower Office at the address below or call 801-620-2169.

Internal Revenue Service
Initial Claim Evaluation Team, M/S 4110
1973 N. Rulon White Blvd.
Ogden, UT 84404

Thank you for your interest in compliance with the tax laws.

Sincerely,

/s/ Tresa Williams for

Whistleblower Office

| Master Claim Number | 2022-010073 |
| --- | --- |
| Assigned Claim Number | Taxpayer Name Control |
| 2022-010074 | SELE |
| 2022-010075 | OCWE |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

November 13, 2025


Edgar A Damas Estaco
11870 sw 168th Ter
Miami FL 33177
edgardamas@gmail.com
305-282-1452


Treasury Inspector General for Tax Administration
Department of Treasury Washington D.C 20224

RECEIVED
OFFICE OF CHIEF COUNSEL
NOVEMBER 13, 2025

## Re: Freedom of Information Act Request


I hereby Edgar A Damas Estaco **(Whistleblower)** , request that you provide **"all documents"**

related to the **"administrative Record"** under the **Freedom of Information Act** for

**Whistleblower Case(s) : 2022-010073, 2022-010074,2022-010075, 2022-003328,**

**2022-003329, 2022-003330, 2022-003331**


**\* Reasonably Described Records :**


1) **Form 11369**
2) **Complete paper trail** of the agency's decision-making process and the basis for its decision. **It is not merely the documents the agency chooses to submit .**
3) **Record must include all materials** that were before or available to the decision-making offie at the time the decision was made, whether they support the final decision or not.
4) The record must document the process of making the agency's decision , not just the merits of the decision itself.
5) Record must include , **all agency findings, conclusions , and the rationale behind them appear in the record .**
6) **An agency official responsible for compiling the record must certify its completeness and accuracy .**


**\* Established Right to Receive Requested Records:**


These records **are not privilege** , therefore IRS must *comply* with **Regulations Governing**

**the Administrative Record  26 C.F.R. § 301.7623-3(e)**, and the **Administrative Record Act  5**

**U.S.C. § 706, "Whole Record" Requirement".**

Further, In *Thompson v. Department of Labor*, 885 F. 2d 551 (CA9 1989), The Ninth Circuit explained : " The Whole Administrative Record .... is not necessarily those documents that the agency has compiled and submitted as "the administrative record . "The Whole Administrative record, therefore, consist of all documents and materials directly or indirectly considered by the agency decision-maker and includes evidence contrary to the agency's position. See also e.g., *Bar MK Ranches v Yuetter*, 994 F. 2d 735, 739 (CA10 1993)( "An agency may not unilaterally determine what constitutes the Administrative Record".)

## IRS Code 6103(a) Does not Apply to the Request

* Internal Revenue Code 6103(a), does not apply to the request . Section 6103(h)(4)(a), authorizes disclosure of a third-party taxpayer's unredacted administrative record cases under I.R.C. 7623. See *Whistleblower 972-17W.*

* I'm Whistleblower who received a final determination under I.R.C. 7623(a) for all of the above described claim(s) , therefore IRS code 6103(a) , does not apply here , IRS must comply with the "Whole record" "requirements" under APA's 5 U.S.C. §706 and 26 C.F.R. §301.7623-3(e) (Regulation Governing The Administrative Record)

## FOIA (b)(5)- Deliberative Process

### Deliberative Process Privilege Does Not Apply

* The deliberative process privilege only applies to records that are pre decisional-records "prepared in order to assist an agency decision maker in arriving at his decision. The privilege does not protect records comprising "final opinions of an agency-those documents that explain agency already" taken , "an agency decision already made", or an agency final disposition" of a matter.

I received a final determination under I.R.C 7623(a) for all referenced Whistleblower cases , therefore , the "whole Record" request consist of *"Final determination documents* " such as : form 11369, all agency's findings, conclusions , complete paper trial of the agency's decision-making process, basis for its decision , all materials that were before or available to the decision-making office at the time the decision was made , and certified record for its completeness and accuracy .

### Attorney-Client privilege Requirement(s) under
### Federal Rule of Civil Procedures 26(b)(5)

The IRS has the burden of providing that the privilege applies to each withheld document. A blanket assertion of privilege is not sufficient when asserting Attorney-Client claim.

In determining the specific requirements for a privilege log, Tax Court gave particular weight to Federal Rule of Civil Procedure 26(b)(5) and precedent from U.S. District Court of the District of Columbia and the court of appeals of the D.C Circuit.

Following those authorities, the court indicated that an adequate privilege log must expressly claim the privilege and describe the nature of the withheld documents, communications or tangible things , at a minimum log must include :

1. The author (s) of the document
2. The recipient (s) of the document and any other individuals who receive copies
3. The date of the document was prepared
4. A brief description of the general subject matter and type of document (e.g. draft memo, email, handwritten notes, draft calculations.
5. Factual Basis for the claim. An explanation of how the disclosure of the specific document would damage the interest protected by the claimed exemption(e.g, how it is "pre-decisional" and "deliberative" material that would expose agency's decision-making process.
6. Foreseeable Harm- IRS/Agency must _'demonstrate"_ that foreseeable harm to an interest protected by the exemption would result from disclosure.

Unless IRS complies with all of the above detail requirement pursuant to the Federal Rule of Civil Procedure 26(b)(5), the Agency cannot assert the Attorney-client privilege claim.

### Consent to Receive Requested Document (s) via Email Address

I hereby Edgar A Damas Estaco , authorize or give consent to Treasury Inspector General for the Tax Administration or any other IRS agency , to provide, release all related documents pursuant to the *Freedom of Information Act request* to the following email : edgardamas@gmail.com

### Agreement to Pay FOIA Fees

I hereby Edgar A Damas Estaco , agree to pay the Treasury Inspector General for the Tax Administration , a processing fee of $ 100, in connection with the above referenced Whistleblower claim (s) assigned by the agency.

/Edgar A Damas Estaco (**Whistleblower**)

Exhibit


C



**Department of the Treasury**
**Internal Revenue Service**
Privacy, Governmental Liaison and
Disclosure
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Edgar A. Damas Estaco
11870 SW 168th Ter
Miami, FL 33177

**Date:**
March 13, 2026
**Employee name:**
F. Merriam
**Employee ID number:**
1000226048
**Telephone number:**
206-946-3528
**Fax number:**
855-205-9335
**Case number:**
2026-02224

Dear Edgar A. Damas Estaco:

We are writing to provide you a final response to your Freedom of Information Act (FOIA) request we received on November 26, 2025.

You requested "all documents related to administrative record for Whistleblower Cases: 2022-010073, 2022-010074, 2022-010075, 2022-003328, 2022-003329, 2022-003330, and 2022-003331."

Including:
1) Form 11369
2) Complete paper trail of the agency's decision-making process and the basis for its decision. It is not merely the documents the agency chooses to submit .
3) Record must include all materials that were before or available to the decision-making office at the time the decision was made, whether they support the final decision or not
4) The record must document the process of making the agency's decision , not just the merits of the decision itself.
5) Record must include , all agency findings, conclusions , and the rationale behind them appear in the record .
6) An agency official responsible for compiling the record must certify its completeness and accuracy .

**In response to item 2**

We searched for, and located 1,364 pages of records responsive to your request. We're releasing 1,364 pages without exemptions

**In response to items 1, 3-5**

Your request is being denied because the scope of your request extends to records, to the extent that any exist, that consist of or contain the return information of a third party. Please be advised that such records, to the extent that they exist, would be confidential and may not be disclosed unless specifically authorized by law. FOIA subsection (b)(3) permits the withholding of records

that are specifically exempted from disclosure pursuant to a statute other than the FOIA. Section 6103 of Title 26, which consists of detailed provisions that concern the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3). Specifically, 26 U.S.C § 6103 prohibits the release of returns and return information unless disclosure is authorized by Title 26. As your request asks for third party return information and you have failed to demonstrate that any of the exceptions to the confidentiality provisions of section 6103 allow for disclosures to you, exemption (b)(3) is being asserted in conjunction with 26 U.S.C. section 6103(a) to withhold from you the return information, to the extent such records exist, of a third party.

For the above reasons, we are denying your request.

**In response to Item 6**

Neither the FOIA nor the Privacy Act requires that we certify documents. Internal Revenue Code Section 6103(p)(2) establishes the requirement for certification of IRS records. At this time, the requested records are not being certified.

We have enclosed encrypted electronic media that contains your records. The password to open the files will be mailed separately. We have determined there is no fee due for the enclosed records. If you need printed copies, please call the telephone number above. Copy fees are $.20 cents per page, after the first 100 pages copied for free.

If you have questions regarding the processing of your FOIA request and you have a FOIA Public Access Portal (FPAP) account, you may send a message directly to the assigned caseworker. If you do not have a FPAP account, you may contact the assigned caseworker at the phone number listed at the top of this letter.

If you are unable to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaison at 312-292-2929. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Federal FOIA Ombudsman's office within OGIS offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
www.archives.gov/ogis

You have the right to file an administrative appeal within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552, to explain your appeal rights.

Your decision to contact the FOIA Public Liaison or OGIS for assistance resolving your dispute does not extend the 90-day period in which you can file an appeal.

Sincerely,

T. Williams
Acting Disclosure Manager
Disclosure Office 13

Disclosure Office 13

Enclosures:
Responsive Documents
Notice 393

Exhibit

D

April 27, 2026

Edgar A Damas Estaco
11870 sw 168 Ter
Miami FL 33177
edgardamas@gmail.com
305-282-1452
**Case No. 2026-02224**


Independent Office of Appeals
Attn: FOIA Appeals
M/Stop 55202
3211 S. Northpointe Drive
Fresno,California 93725


## FOIA ADMINISTRATIVE APPEAL


I hereby appeal the Internal Revenue Service's response to my Freedom of Information Act request on the grounds that the agency improperly withheld records and failed to conduct an adequate search.


1. **Improper Invocation of Exemption (b)(3)-** The IRS relied on 5 U.S.C. § 552(b)(3) in conjunction with 26 U.S.C. § 6103. However, § 6103 does not justify categorical withholding. The agency failed to demonstrate, on a document-by-document basis, that each withheld record constitutes protected "return information".

**Section 6103(h)(4)(a)**, authorizes disclosure of a third -party taxpayer's unredacted administrative record cases under I.R.C 7623, *See Whistleblower 972-17W.* Appellant is a whistleblower who received a determination notice **under I.R.C 7623** , in connection with all claims referenced on the FOIA request therefore IRS improperly withheld the administrative records and/or failed to conduct an adequate search.

**2. Failure to release Segregable Information-** Even where § 6103 applies, which does not in these particular cases , FOIA requires disclosure of all reasonably segregable, non-exempt material. The IRS failed to release non-identifying administrative materials, including but not limited to internal routing documents, procedural records, and communications that do not reveal taxpayer identity.

**3. Inadequate Search for Records -** The requested records included the administrative record supporting the Whistleblower determination under **26 C.F.R. § 301.7623-3(e), and APA's 5 U.S.C. § 706** , including form 11369 and related materials. The IRS failed to produce these records or adequately explain their absence, demonstrating that the search was not reasonably calculated to uncover all responsive documents.

**4. Failure to Follow Agency Regulations-** IRS regulations require the maintenance of an administrative record for Whistleblower determination. The failure to produce this record raises serious questions as too whether the agency complied with its own procedures.

**5. Evidence of Bad Faith-** The same IRS official who denied the underlying whistleblower claim (T . Williams),  appears to have participated in the FOIA response. **This overlap raises concerns regarding objectivity and suggest that the withholding may be pretextual rather than based on lawful exemptions.**

**Requested Relief -** I request that the IRS :

a.  Conduct a new , good faith search for all responsive records
b.  Produce all non-exempt and reasonably segregable materials
c.  Provide a Vaughn index describing all withheld documents
d.  Reconsider its reliance on § 6103 in light of applicable disclosure limitations.
e.  **Provide whole administrative record pursuant to 26 C.F.R. § 301.7623-3(e), and APA's 5 U.S.C. § 706 , and comply with applicable section 6103(h)4)(a)**


**Govern yourselves accordingly**


Respectfully submitted ,


Edgar A Damas Estaco

 **Department of the Treasury**
**Internal Revenue Service**
Privacy, Governmental Liaison and
Disclosure
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Edgar A. Damas Estaco
11870 SW 168th Ter
Miami, FL 33177

**Date:**
March 13, 2026
**Employee name:**
F. Merriam
**Employee ID number:**
1000226048
**Telephone number:**
206-946-3528
**Fax number:**
855-205-9335
**Case number:**
2026-02224

Dear Edgar A. Damas Estaco:

We are writing to provide you a final response to your Freedom of Information Act (FOIA)
request we received on November 26, 2025.

You requested "all documents related to administrative record for Whistleblower Cases: 2022-
010073, 2022-010074, 2022-010075, 2022-003328, 2022-003329, 2022-003330, and 2022-
003331."

Including:
1) Form 11369
2) Complete paper trail of the agency's decision-making process and the basis for its decision. It
is not merely the documents the agency chooses to submit .
3) Record must include all materials that were before or available to the decision-making office
at the time the decision was made, whether they support the final decision or not
4) The record must document the process of making the agency's decision , not just the merits of
the decision itself.
5) Record must include , all agency findings, conclusions , and the rationale behind them appear
in the record .
6) An agency official responsible for compiling the record must certify its completeness and
accuracy .

**In response to item 2**

We searched for, and located 1,364 pages of records responsive to your request. We're releasing
1,364 pages without exemptions

**In response to items 1, 3-5**

Your request is being denied because the scope of your request extends to records, to the extent
that any exist, that consist of or contain the return information of a third party. Please be advised
that such records, to the extent that they exist, would be confidential and may not be disclosed
unless specifically authorized by law. FOIA subsection (b)(3) permits the withholding of records

that are specifically exempted from disclosure pursuant to a statute other than the FOIA. Section 6103 of Title 26, which consists of detailed provisions that concern the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3). Specifically, 26 U.S.C § 6103 prohibits the release of returns and return information unless disclosure is authorized by Title 26. As your request asks for third party return information and you have failed to demonstrate that any of the exceptions to the confidentiality provisions of section 6103 allow for disclosures to you, exemption (b)(3) is being asserted in conjunction with 26 U.S.C. section 6103(a) to withhold from you the return information, to the extent such records exist, of a third party.

For the above reasons, we are denying your request.

**In response to Item 6**

Neither the FOIA nor the Privacy Act requires that we certify documents. Internal Revenue Code Section 6103(p)(2) establishes the requirement for certification of IRS records. At this time, the requested records are not being certified.

We have enclosed encrypted electronic media that contains your records. The password to open the files will be mailed separately. We have determined there is no fee due for the enclosed records. If you need printed copies, please call the telephone number above. Copy fees are $.20 cents per page, after the first 100 pages copied for free.

If you have questions regarding the processing of your FOIA request and you have a FOIA Public Access Portal (FPAP) account, you may send a message directly to the assigned caseworker. If you do not have a FPAP account, you may contact the assigned caseworker at the phone number listed at the top of this letter.

If you are unable to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaison at 312-292-2929. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Federal FOIA Ombudsman's office within OGIS offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
www.archives.gov/ogis

You have the right to file an administrative appeal within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552, to explain your appeal rights.

Your decision to contact the FOIA Public Liaison or OGIS for assistance resolving your dispute does not extend the 90-day period in which you can file an appeal.

Sincerely,

T. Williams

T. Williams
Acting Disclosure Manager
Disclosure Office 13

Disclosure Office 13

Enclosures:
Responsive Documents
Notice 393



WHISTLEBLOWER OFFICE

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

August 18, 2022

EDGAR A DAMAS ESTACO
11870 SW 168 TER
MIAMI, FL 33177-2171

Re: Claim Number(s): 2022-010073, 2022-010074, 2022-010075

**Final Determination Under Internal Revenue Code (IRC) Section 7623(a) – Denial**

Dear Edgar A damas Estaco:

We have considered your application for an award dated 02/21/2022. Under Internal Revenue Code section 7623, an award may be paid only if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts based on the information provided. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions regarding this letter, please feel free to contact the Whistleblower Office at 801-620-2169.

Sincerely,

/s/ Tresa Williams for

Whistleblower Office



**WHISTLEBLOWER OFFICE**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON. D.C. 20224

January 26, 2022

EDGAR A DAMAS-ESTACO
11870 SW 168 TER
MIAMI, FL 33177

Claim Number(s): 2022-003328, 2022-003329, 2022-003330, 2022-003331

Dear Edgar A Damas-Estaco:

We received your correspondence dated December 16, 2021. We are unable to give you any specific information due to (Section 6103 of the Internal Revenue Code) Federal Disclosure and privacy laws that protect tax information for all taxpayers.

If you move or change the address to which you want correspondence directed, you must inform this office in writing of the change of address. Failure to notify this office of a change of address regarding this claim could result in you not receiving time-sensitive correspondence.

Additional information about the whistleblower claim process can be found in Publication 5251. *The Whistleblower Claim Process.* Publication 5251 can be found online at IRS.gov.

If you have further questions about your claim, please call or write the Whistleblower Office at the address below or call 801-620-2169.

Internal Revenue Service
Initial Claim Evaluation Team, M/S 4110
1973 N. Rulon White Blvd.
Ogden, UT 84404

Thank you for your interest in compliance with the tax laws.

Sincerely,

/s/ Tresa Williams for

Whistleblower Office

| Master Claim Number | 2022-010073 |
|---|---|
| **Assigned Claim Number** | **Taxpayer Name Control** |
| 2022-010074 | SELE |
| 2022-010075 | OCWE |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

MIAMI FL 33257-5400
www.usps.com

04/28/2026                          03:10 PM

--------------------------------------
TRACKING NUMBERS
9505 5154 2113 6118 1184 72
--------------------------------------
TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



--------------------------------------
TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply
--------------------------------------
TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available
--------------------------------------
PURCHASE DETAILS
--------------------------------------
Product          Qty   Unit    Price
                        Price
--------------------------------------
Priority Mail     1            $12.90
Flat Rate Env
   Fresno, CA 93725
   Flat Rate
   Expected Delivery Date
      Fri 05/01/2026
   Tracking #:
      9505 5154 2113 6118 1184 72
   Insurance              $0.00
      Up to $100.00 included
Total                     $12.90

--------------------------------------
Grand Total:              $12.90
--------------------------------------
Debit Card Remit          $12.90
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX2961
   Approval #: 006224
   Transaction #: 262
   Receipt #: 009078
   Debit Card Purchase: $12.90
   AID: XXXXXXXXXX2203   Contactless
   AL: DEBIT
--------------------------------------

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused
boxes MUST be completely
removed/obliterated if they no longer
match the contents.

TO FILE AN INSURANCE CLAIM
Visit https://www.usps.com/help/claims.htm

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team
that delivers! The Postal Service is
actively hiring for full and part-time
positions. To learn more visit us at
www.usps.com/careers

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service

# USPS Tracking®

FAQs >

Tracking Number:

## 9505515421136118118472

Copy    Add to Informed Delivery

Remove X

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 9:17 am on May 1, 2026 in FRESNO, CA 93725.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

FRESNO, CA 93725
May 1, 2026 9:17 AM

**See All Tracking History**

What Do USPS Tracking Statuses Mean?

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌃

**Postal Product:**
Priority Mail®
**Features:**
USPS Tracking®
Up to $100 insurance included. Restrictions Apply ⓘ

Feedback



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
290 North D Street
San Bernardino, CA 92401

**Date:**
May 29, 2026
**Person to contact:**
Name: Jesmin Sahagun
Employee ID Number: 100923028
Phone: (909)388- 8338
Fax: (855) 449-6610

**Re:**
FOIA Appeals Request
**Tax periods ended:**
12/2026
**FOIA number:**
2026-02224

EDGAR A ESTACO DAMAS
11870 SW 168TH TER
MIAMI, FL 33177-2171

Dear Edgar A Estaco Damas:

We are sorry, but due to unusual circumstances pursuant to 26 CFR 601.702(c)(10)(iii), we must ask for an additional 10 business days (until June 16, 2026) to consider your FOIA appeal request for FOIA case 2026-02224. If you agree to this extension of time, no reply to this letter is necessary.

If you do not agree to this voluntary extension, the law permits you file suit in United States District Court in the district where you live or work, or where the records are located, or in the District of Columbia, to obtain a response.

We hope you will agree to the voluntary extension of time we asked for, or you can contact us about modifying or limiting the scope of your request. If you wish to contact us about your request, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

Sincerely,

*Jesmin Sahagun*

Appeals Officer

Enclosures:

cc:

www.usps.com

04/28/2026                              03:10 PM
-----------------------------------------
TRACKING NUMBERS
9505 5154 2113 6118 1184 72
-----------------------------------------
TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



-----------------------------------------
TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply
-----------------------------------------
TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available
-----------------------------------------
PURCHASE DETAILS
-----------------------------------------

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $12.90 |
| Flat Rate Env | | | |
| Fresno, CA 93725 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Fri 05/01/2026 | | | |
| Tracking #: | | | |
| 9505 5154 2113 6118 1184 72 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $12.90 |

-----------------------------------------
Grand Total:                        $12.90
-----------------------------------------
Debit Card Remit                    $12.90
   Card Name: MasterCard
   Account #: XXXXXXXXXX2661
   Approval #: 096224
   Transaction #: 262
   Receipt #: 069078
   Debit Card Purchase: $12.90
   AID: A0000000042203   Contactless
   AL: DEBIT
-----------------------------------------

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused
boxes MUST be completely
removed/obliterated if they no longer
match the contents.

TO FILE AN INSURANCE CLAIM
Visit https://www.usps.com/help/claims.htm

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team
that delivers! The Postal Service is
actively hiring for full and part-time
positions. To learn more visit us at
www.usps.com/careers

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 9505515421136118118472

Copy        Add to Informed Delivery

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 9:17 am on May 1, 2026 in FRESNO, CA 93725.

Get More Out of USPS Tracking:

USPS Tracking Plus®

Feedback

## Delivered

**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93725
May 1, 2026 9:17 AM

See All Tracking History

What Do USPS Tracking Statuses Mean?

Text & Email Updates        ⌄

USPS Tracking Plus®        ⌄

Product Information        ⌃

**Postal Product:**
Priority Mail®
**Features:**
USPS Tracking®
Up to $100 insurance included. Restrictions Apply ⓘ

Exhibit

G



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
290 North D Street
San Bernardino, CA 92401

**Date:**
05/21/2026
**Person to contact:**
Name: Jesmin Sahagun
Employee ID Number: 100923028
Phone: (909) 388-8338
Fax: 855-449-6610
**Re:**
FOIA Appeals Request
**Tax periods ended:**
12/2026
**FOIA number:**
F2026-02224
**For taxpayer:**
Edgar A Estaco Damas

EDGAR A ESTACO DAMAS
11870 SW 168TH TER
MIAMI, FL 33177-2171

Dear Edgar A Estaco Damas:

We received your Freedom of Information Act (FOIA) administrative appeal, dated April 27, 2026 on May 04, 2026. We are required to complete our consideration of your appeal within 20 business days after the date we receive your appeal. If we can't complete your case in that time frame, you can seek judicial review by filing suit in the United States District Court where you live or work, where your records are located, or in the District of Columbia. The rules for filing suit are available in Federal Rule of Civil Procedure 4(i). For more information, visit www.irs.gov and search keyword "FOIA guidelines."

It can take several weeks to retrieve the required documents from the Disclosure Office. We'll complete our review and notify you in writing of our decision and any judicial remedies available to you. We apologize for any delay in responding to your request.

If you decide to file suit with the court while we are considering your case, please advise this office in writing of your action. Once notified, we'll terminate our consideration of your FOIA appeal.

If you have questions concerning the status of your appeal, you can contact the Appeals officer whose name and telephone number are shown above.

Sincerely,

Jesmin Sahagun
Appeals Officer

Enclosures:

cc:

**Letter 5116 (Rev. 6-2020)**
Catalog Number 60874A

Exhibit

H



Internal Revenue Service
Taxpayer Advocate Service
Suite 2000
48 Carr. 165
Guaynabo, PR 00968-8000

Official Business
Penalty for Private Use, $300

US OFFICIAL MAIL PENALTY FOR PRIVATE USE $300
US POSTAGE **$ 000.74⁰**
ZIP 06968
02 7W
0000058210 JUN 01 2026

FIRST-CLASS

SAN JUAN, PR 009

Edgar Damas Estaco
11870 SW 168th Ter.
Miami, FL 33177-2171

33177-217170



**TAXPAYER ADVOCATE SERVICE**

YOUR VOICE AT THE IRS

The Office of the Taxpayer Advocate Operates Independently of Any Other IRS Office and Reports Directly to Congress Through the National Taxpayer Advocate.

May 26, 2026

Edgar Damas Estaco
11870 SW 168th Ter.
Miami, FL 33177-2171

Tax Form: 11369 Confidential Evaluation Report on Claim for Award
Tax Period Ending: N/A

Dear Edgar A. Damas Estaco:

I'm writing about your inquiry to the Taxpayer Advocate Service (TAS), requesting help with your tax issue. We've looked at the information available to us, but we regret to inform you that your issue does not currently meet our case acceptance criteria. Our criteria require a taxpayer to be experiencing financial hardship, having financial difficulties because of a tax problem; trying, but has not been able to resolve an IRS tax problem after 30 days from the estimated period for the IRS to contact you; or an IRS system or procedure isn't working. However, there are exceptions to our general criteria for some situations. To learn more about our criteria please visit our webpage "www.taxpayeradvocate.irs.gov/can-tas-help-me-with-my-tax-issue" and utilize our qualification tool. Our webpage also provides answers to key questions and issues on our "www.taxpayeradvocate.irs.gov/get-help" page covering topics such as paying taxes, filing returns, interacting with the IRS, issues or errors, small businesses, and other topics.

Our research indicates your inquiry would be best resolved by the IRS Taxpayer Services Division. They can be reached at 1-800-829-1040.

If your situation changes and this issue cause a financial hardship or significant costs trying to resolve this matter or if your tax issue remains unaddressed after 30 days from the date of this letter, you can contact our toll-free National Taxpayer Advocate hotline at 1-877-777-4778 to discuss the change in your situations with a representative.

I apologize that TAS is unable to assist you. I hope you understand that the IRS is in a better position to resolve this matter based on the available information. For more information see www.IRS.gov.

Sincerely,

Sean O'Reilly
Executive Director Case Advocacy

Taxpayer Advocate Service
www.irs.gov/advocate

Toll-Free Phone: 877-777-4778

TAS 1686L, Non-Criteria Intake Letter (11/25/2025)